UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTISTIC FRAMING, INC., an Illinois Corporation, Plaintiff, v. HOSPITALITY RESOURCES, INC., a Georgia Corporation and M. Daniel Mills, Defendants. | 12-cv-6997<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Defendants Hospitality Resources, Inc., ("HRI") and M. Daniel Mills ("Mills") move to dismiss Artistic Framing, Inc.'s ("AFI") complaint seeking injunctive relief (Count I), an accounting (Count II), damages for breach of contract (Count III), and attorney's fees and costs (Count IV). HRI moves to dismiss Counts I, III, and IV for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). HRI moves to dismiss Count II as not ripe pursuant to Fed. R. Civ. P. 12(b)(1). For the foregoing reasons, HRI's motion to dismiss is granted in its entirety.

**Background**

AFI is an Illinois corporation that manufactures and sells items such as molding, framed pictures, and mirrors. Defendant HRI is a Georgia corporation that purchases such items sold by AFI and, in turn, sells them to its customers in the hospitality industry. Defendant Mills, an Atlanta resident, is the sole shareholder, president, CEO, and CFO of HRI.

The parties entered into a series of purchase orders throughout their business relationship. These purchase orders provided that AFI was to be the "sole and exclusive provider" of molding, framed pictures, and mirrors to HRI. HRI failed to pay sums due to AFI under several past purchase orders; however, AFI nonetheless granted HRI credit and completed HRI's orders despite nonpayment. AFI alleges that it has suffered loss profit damages as a result of HRI's failure to comply with the exclusivity provisions of the parties' various agreements over the years. On December 7, 2011, because of HRI's nonpayment, the parties entered into another

1

manufacturing and supply contract ("the Agreement") which sought to modify the parties' contractual relationship and clarify the parties' respective rights and obligations.

The Agreement provided that AFI would be the exclusive supplier of frames, molding, and mirrors to HRI until December 31, 2015 unless the Agreement was extended or terminated in accordance with procedures outlined in the Agreement itself. The Agreement also provided for an audit to ensure compliance with the exclusivity provision. Mills was to serve as a guarantor of HRI's duties, responsibilities and liabilities.

AFI alleges that since the execution of the Agreement, HRI has violated the exclusivity and restrictive covenant provisions and has placed orders through other vendors to service HRI customers. AFI alleges further that HRI has instructed its customers to cancel orders previously placed with AFI. As a result of these violations, AFI claims that it has suffered several losses including: (1) loss of contact with its customer base; (2) HRI's outstanding debt; (3) loss of income; (4) loss of goodwill; (5) deprivation of business opportunities; and (6) violations of the restrictive covenant by a specific customer.

On May 16, 2011, AFI demanded an audit of HRI's books and records, but this audit has not been performed. In Count I of its complaint, AFI seeks a preliminary and permanent injunction prohibiting HRI from ordering or purchasing any frames, molding, and mirrors from any source other than AFI. In Count II of its complaint AFI seeks an accounting requiring HRI to provide its books and records in an audit as required under the Agreement. In Count III of its complaint, AFI argues that even if this Court finds that the Agreement was terminated, AFI is still entitled to damages for loss profits, sums due upon termination of the Agreement, and repayment of HRI's outstanding balance. In Count IV of its complaint, AFI seeks recovery for attorney's fees and costs under the terms of the parties' Agreement. HRI moves to dismiss all counts.

**Legal Standard**

In order to survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations stated in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010).

**Discussion**

　1. *Count I: Injunctive Relief*

An injunction is a form of relief and not a distinct, substantive claim. *Shield Techs. Corp. v. Paradigm Positioning*, LLC, No. 11 C 6183, 2012 U.S. Dist. LEXIS 134115, at *14 (N.D. Ill. Sept. 19, 2012). Here, HRI moves to dismiss AFI's claim for injunctive relief for failure to state a claim. Since, the practice in this district is to dismiss "claims" for injunctive or other equitable relief when pled as separate counts, AFI's "claim" for injunctive relief is dismissed. *Stevens v. Interactive Fin. Advisors, Inc.*, No. 11 C 2223, 2012 U.S. Dist. LEXIS 177931, at *19-20 (N.D. Ill. Dec. 17, 2012). However, mislabeling a prayer for relief as a separate claim is a technical pleading error which does not warrant dismissal with prejudice. *Shield Techs.*, 2012 U.S. Dist. LEXIS 134115, at *14. Accordingly, HRI's motion to dismiss Count I is granted without prejudice.

　2. *Count II: Accounting*

HRI argues that AFI's complaint for an accounting is not ripe and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). HRI responds that its claim for an accounting is properly within this Court's jurisdiction. This Court rules to dismiss Count II pursuant to Fed. R. Civ. P. 12(b)(6) *sua sponte*. "While district courts generally cannot *sua sponte* enter summary judgment or dismiss a complaint without notifying the parties of its intentions and allowing them an opportunity to cure the defect in the complaint or respond, district judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Watson v. Bush*, No. 09-cv-1871, 2010 U.S. Dist. LEXIS 38569, at *31-32 (N.D. Ill. Apr. 20, 2010).

AFI labels Count II of its complaint a claim "For an Accounting," and asks this Court to compel HRI to provide its books and records for an audit as required under the Agreement. AFI claims that it is entitled to an accounting to determine its loss profit damages. This Court notes that it is unclear whether Count II is a claim for breach of contract, to which AFI seeks the remedy of an accounting to calculate the losses of the alleged breach, or whether AFI is alleging a separate, substantive claim for an accounting. To the extent that Count II merely alleges a

prayer for relief, this claim is dismissed without prejudice. Once again, mislabeling a prayer for relief as a separate claim is a technical pleading error which does not warrant dismissal with prejudice. *Shield Techs.*, 2012 U.S. Dist. LEXIS 134115, at *14. To the extent that AFI alleges a substantive claim for an accounting, to state a claim for an accounting under Illinois law, a plaintiff must "show the absence of an adequate remedy at law and one of the following: (1) a breach of fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature." *Estate of Brown v. ARC Music Group, Inc.*, 830 F. Supp. 2d 501, 509 (N.D. Ill. 2011). Here, AFI has failed to plead adequately any of these elements. Further, it is clear that a breach of contract claim would provide an adequate legal remedy for any loss profits incurred. AFI has not shown the existence of a fiduciary relationship or fraud and "although an accounting cause of action was traditionally utilized as a means of obtaining access to relevant records, the need for a party to pursue an accounting cause of action in order to obtain such access has been greatly minimized in light of the modern federal discovery rules." *Compak Cos., LLC v. Johnson*, No. 03 C 7427, 2011 U.S. Dist. LEXIS 45677, at *58 (N.D. Ill. Apr. 28, 2011). Accordingly, AFI fails to state a claim for an accounting and HRI's motion to dismiss AFI's accounting claim is granted without prejudice.

   3. *Breach of Contract*

This Court notes that it is unclear what AFI seeks to allege in Count III of its complaint labeled "For Damages (In the Alternative)." In its motion to dismiss, HRI assumes this count to be one for breach of contract. AFI confirms this assumption in its response arguing that it adequately states a claim for "breach of contract." (AFI's Resp. to HRI's MTD at 13). Accordingly, for purposes of this motion, this Court construes Count III of AFI's complaint to be a breach of contract claim.

HRI argues that AFI's breach of contract claim should be dismissed because nowhere in AFI's complaint does AFI allege that it fully performed its obligations under the Agreement. Under Illinois law, "the elements of a breach of contract cause of action are (1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Bogie v. PAWS Chi.*, No. 12 C 5887, 2012 U.S. Dist. LEXIS 163482, at *6 (N.D. Ill. Nov. 15, 2012). Although AFI points to language in its complaint where it states that it has "completed orders at [its] expense, reluctantly granting credit to [HRI] to allow them to complete the orders," this language is insufficient to allege that

AFI performed all required conditions under the contract. AFI's claim that it completed orders does not clarify whether its completion of those orders meets the requirements under the parties' contract. Accordingly, HRI's motion to dismiss Count III of AFI's complaint is granted without prejudice.

   *4. Attorney's Fees*

HRI moves to dismiss Count IV of HRI's complaint, requesting attorney's fees and costs, for failure to state a claim. AFI provides no real response to HRI's argument that Count IV merely states a provision of the Agreement providing for the payment of attorney's fees and not a cause of action. Additionally, AFI does not identify any legal authority that suggests a request for attorney's fees may be advanced as an independent cause of action under Illinois law. *Montgomery v. City of Harvey*, No. 07 CV 4117, 2007 U.S. Dist. LEXIS 87442, at *9 (N.D. Ill. Nov. 28, 2007). Accordingly, HRI's motion to dismiss Count IV of AFI's complaint is granted without prejudice.

**Conclusion**

HRI's motion to dismiss Counts I, II, III, and IV is granted without prejudice. Having found that HRI's motion to dismiss AFI's complaint in its entirety is granted, this Court also disposes of other pending motions on the docket. AFI's motion for injunctive relief is denied. Plaintiff fails to carry its burden of persuasion justifying the imposition of the extraordinary remedy of injunctive relief. In keeping with this present order, the Court vacates its order from November 27, 2012 and the pending motions to compel and to clarify are denied as moot.

IT IS SO ORDERED.

_____
Date: January 24, 2013

_____
Sharon Johnson Coleman
United States District Judge