# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6997 | **DATE** | 5/23/2013 |
| **CASE TITLE** | Artistic Framing, Inc vs. Hospitality Resources, Inc., et al. | | |

**DOCKET ENTRY TEXT**

HRI's motion to dismiss AFI's First Amended Complaint [54] is denied in its entirety.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

**Introduction**

Defendants Hospitality Resources, Inc., ("HRI") and M. Daniel Mills ("Mills") move to dismiss Artistic Framing, Inc.'s ("AFI") First Amended Complaint for breach of contract (Count I) and specific performance (Count II). AFI's original complaint was previously dismissed without prejudice by this Court for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

For purposes of this instant motion, this Court assumes familiarity with the facts of this case which may be found in this Court's previous order, *Artistic Framing, Inc. v. Hospitality Res., Inc.*, No. 12-cv-6997, 2013 U.S. Dist. LEXIS 11118 (N.D. Ill. Jan. 24, 2013). After this Court dismissed AFI's original complaint, AFI filed a First Amended Complaint in an effort to cure defects in its complaint. AFI's First Amended Complaint alleges breach of contract and seeks specific performance of HRI's obligations. For the following reasons, HRI's motion to dismiss is denied in its entirety.

**Discussion**

*1. Breach of Contract*

As an initial matter, HRI argues that AFI's First Amended Complaint should be dismissed as confusing because it fails to distinguish between the defendants. AFI argues that Mills guaranteed full performance and payment from HRI to AFI of all sums under the agreement and as such is responsible for HRI's breach. HRI does not dispute the fact that Mills guaranteed its performance, but instead argues that the complaint must specifically delineate the alleged wrongdoing of each distinct defendant. HRI's argument is unpersuasive. In light of AFI's claim that Mills guaranteed HRI's obligations under the contract, the allegation that Mills is

responsible for HRI's breach as guarantor is sufficient to properly distinguish between the defendants where the defendants' liabilities overlap.

Next, HRI argues that AFI fails to establish all the necessary elements for a breach of contract claim. Under Illinois law, "the elements of a breach of contract cause of action are (1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Bogie v. PAWS Chi.*, No. 12 C 5887, 2012 U.S. Dist. LEXIS 163482, at *6 (N.D. Ill. Nov. 15, 2012). While HRI states that AFI fails to plead all the requisite elements for a breach of contract claim, HRI only argues that AFI fails to plead one specific element: that AFI performed all required conditions of the contract.

HRI argues that AFI's statement that it fulfilled all its duties under the contract without more "factual enhancements" is insufficient to state a claim for breach of contract. However, while AFI must offer more than conclusions or a "formulaic recitation of the elements of the cause of action," AFI need not allege "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, AFI alleges that it completely performed all its obligations under the agreement, a copy of which is attached to the complaint. The contract sets out AFI's obligations under the contract which included providing HRI with framed pictures, molding, and mirrors, maintaining AFI's current framing price list, and purchasing prints and moldings for HRI and its customers. AFI's claim that it performed all its obligations under the agreement taken together with its actual obligations listed in the contract is sufficient to allege performance by AFI of all required conditions.

Accordingly, HRI's motion to dismiss AFI's breach of contract claim is denied.

*2. Specific Performance*

HRI argues that AFI's claim for specific performance should be dismissed because it is not an independent cause of action and because this Court already found that an adequate remedy at law exists. AFI argues that Count II of its First Amended Complaint seeks specific performance for HRI's alleged breach of contract, while Count I seeks damages for HRI's alleged breach.

First, HRI argues that Count II must be dismissed because specific performance is not an independent cause of action. This Court notes that while HRI is correct, that specific performance is not an independent cause of action, this Court accepts AFI's explanation. *LaSalle Nat'l Bank v. Metro. Life Ins. Co.*, 18 F.3d 1371, 1376 (7th Cir. 1994). AFI's request for specific performance as a form of equitable relief is permissible. *See Lagen v. United Cont'l Holdings, Inc.*, No. 12 C 4056, 2013 U.S. Dist. LEXIS 13371, at *16-17 (N.D. Ill. Jan. 31, 2013) (allowing a request for specific performance to survive a motion to dismiss where plaintiff clarified that it sought the equitable remedy of specific performance for its breach of contract claim). Accordingly, AFI's complaint contains only one cause of action for breach of contract and seeks relief in the form of damages and specific performance.

Next, HRI argues that AFI's request for specific performance should be dismissed because this Court already found that monetary damages are an adequate remedy at law. As an initial matter, this Court notes that while its previous order held that a breach of contract claim would provide an adequate legal remedy for any loss profits incurred, this finding was limited solely to the issue of loss profits within the context of a claim for an accounting. AFI presently alleges not only that it suffered loss profits, but that the parties' contract created a proprietary right in a joint customer base that the parties developed together. Specifically, AFI alleges that the contract provides a restrictive covenant provision which states that the parties were not allowed to sell

| STATEMENT |
|---|

products to a particular jointly-developed client, Six Continents Hotel, for four years following the termination of the agreement. (Compl. at ¶ 25). Accordingly, this Court's prior ruling that a breach of contract claim would provide an adequate remedy for any loss profits within the context of a substantive accounting claim, is inapplicable to AFI's allegation that it has suffered losses beyond monetary damages and loss profits for breach of contract.

Having clarified that this Court's previous order did not find that monetary damages sufficiently addressed AFI's present breach of contract allegations, this Court next addresses whether AFI properly alleges that it is entitled to specific performance. To properly request specific performance, a plaintiff must allege: "(1) the existence of a valid, binding, and enforceable contract; (2) plaintiff has complied with the terms of his contract or is ready, willing, and able to perform his part of the contract; and (3) defendant failed or refused to perform his part of the contract." *AT&T Capital Servs. v. Shore Fin. Servs.*, No. 09 CV 1360, 2010 U.S. Dist. LEXIS 65501, at *50-51 (N.D. Ill. June 30, 2010) (internal quotations omitted). Additionally, specific performance generally will not be granted where there is an adequate remedy at law. *Am. Nat'l Bank & Trust Co. v. Allmerica Fin. Life Ins. & Annuity Co.*, No. 02 C 5251, 2003 U.S. Dist. LEXIS 6706, at *13-14 (N.D. Ill. Apr. 17, 2003).

Here, AFI's First Amended Complaint alleges facts that, when accepted as true, properly request the remedy of specific performance. AFI incorporates in its claim for specific performance the allegations of a valid, binding, and enforceable contract. (Compl. at ¶¶ 8, 22). AFI also incorporates its own compliance with that contract (by providing HRI with framed pictures, molding, and mirrors). Additionally, AFI alleges HRI's failure to perform its part of the contract by failing to have their customers place orders directly with AFI, failing to give AFI customer down payments, failing to abide by the exclusivity provisions of the agreement, and failing to provide AFI access to their books and records for audit purposes. (Compl. at ¶¶ 12, 16, 17). AFI also alleges that there is no adequate remedy at law for HRI diverting jointly developed customers away from AFI to other vendors and depriving AFI of its customer base. AFI sufficiently alleges a request for specific performance.

Accordingly, HRI's motion to dismiss AFI's request for specific performance is denied. AFI's request for specific performance as a form of equitable relief is permissible.

**Conclusion**

HRI's motion to dismiss AFI's First Amended Complaint is denied in its entirety.